IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

MARTIN INGRAHAM,  )
                                     )        Civil Action No. 06-1419
         Plaintiff,    )
   v.                       )        Judge Donetta W. Ambrose
                                     )        Magistrate Judge Lisa Pupo Lenihan
LIBERTY MUTUAL INSURANCE  )
COMPANY  )
                                     )
         Defendant.    )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion to Remand to State Court be denied.

### II. REPORT

This action was commenced on September 18, 2006, in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court"). Plaintiff asserted claims for medical and wage loss benefits under his automobile insurance policy with Defendant ("Liberty Mutual"), as well as claims for breach of contract and bad faith pursuant to 42 Pa.C.S. § 8371. He asserted damages in excess of $50,000 as to each claim, interest and costs, and punitive damages for bad faith, *i.e.*, grounds for federal diversity jurisdiction.

Defendant timely filed its Notice of Removal pursuant to 28 U.S.C. § 1332. Plaintiff did not challenge the amount in controversy at that time, and the case proceeded under this Court's jurisdiction for approximately eighteen (18) months. On April 18, 2008, Plaintiff filed a one-page Motion to Remand the action to State Court attesting that he "ha[d] concluded that his claim has a value of less than the jurisdictional limitation of $75,000 and [was] hereby stipulating to the same". By Order of April 25th, this Court directed that Plaintiff's Brief in Support be provided by May 9th, with Defendant's Brief in Opposition due by May 23rd, and Plaintiff's Reply Brief due by June 2, 2008. Despite this Court's Order, Plaintiff has filed no Brief in Support of his request for remand. Defendant's Brief in Opposition was timely filed on May 22, 2008. Plaintiff has filed no Reply.

### B. Analysis

Removal of this action to this Court on the basis of diversity jurisdiction was properly made under the provisions of 28 U.S.C. § 1446(b). As duly noted in Defendant's Brief in Opposition, determination of the amount in controversy for purposes of federal diversity jurisdiction is made from the face of the complaint at the time of removal. See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993). See also Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002) (noting that District Court's determination of amount in controversy must be based on plaintiff's complaint at the time petition for removal was filed); id. (further directing that Court must measure amount not by low end of open-ended claim, but by reasonable reading of value of rights being litigated); Foster v. Mutual Fire, Marine &

Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993) (holding that "[t]he inquiry begins and ends with the four corners of the pleading [and is] succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present"); id. (concluding that, "the relevant test is . . . what [the] documents said").

Post-removal events or post-removal determinations/reassessments in litigation of damages do not deprive the Court of its jurisdiction over a properly-removed action. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) (holding that events occurring subsequent to proper removal that reduce amount recoverable below jurisdictional limit - whether beyond plaintiff's control (as by District Court rulings) or of plaintiff's volition (as by stipulation or amendment) do not oust the Court's jurisdiction once attached). See also Lockwood v. Automotive Finance Corp., 2005 U.S. Dist. LEXIS 35897 (W.D. Pa. Aug. 30, 2005) (citations omitted).

Accordingly, the Third Circuit has drawn a clear distinction between subsequent events that may reduce the amount in controversy - which do not affect the Court's jurisdiction - and subsequent "*revelations*" that the required amount was *not* in controversy *at the commencement of the action*. See, *e.g.*, State Farm Mutual Automobile Ins. Co. v. Powell, 87 F.3d 93 (3d Cir. 1996) (concluding that Court never properly had jurisdiction where plaintiff represented amount in controversy to exceed jurisdictional limit on basis of *mutual mistake* regarding number of insurance policies at issue); id. (concluding, where one policy was discovered to have been purchased after accident, that "factual reality" when litigation was commenced was that amount in controversy under complaint could not meet jurisdictional

requirement); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds*, Exxon Mobile Corp. v. Allapattah Servs. Inc.,545 U.S. 546 (2005) (holding that although actual damages may not be established until later in litigation, amount in controversy for purposes of removal jurisdiction is measured as of date of removal); id. (concluding that when it appears to a legal certainty that plaintiff was never entitled to recover jurisdictional minimum, as where two plaintiffs' claims were *improperly aggregated* to meet required amount, removed case must be remanded).

Plaintiff has alleged no such exceptional "revelation". Indeed, he has filed no briefing *whatsoever* in support of his one-page Motion to Remand. There is, therefore, nothing in the record before this Court which calls its jurisdiction into question. Cf. Werwinski, *supra* (holding that a plaintiff's stipulation subsequent to removal as to amount in controversy or types of relief sought is of no legal significance to Court's determination); Lowe v. Sears Holding Corp., 545 F.Supp.2d 195 (D.N.H. 2008) (concluding that attorney's attestation after removal, that plaintiff would not seek in excess of statutory amount if case were remanded to state court, did not divest Court of jurisdiction); id. (citing to Red Cab and Werwinski, *supra*, noting that "a number of circuits have held . . . that, where a plaintiff files suit in state court without limiting his potential recovery below the threshold for federal subject-matter jurisdiction, he may not attempt to do so after the case has been removed") (citations omitted); Harris v. Archer Daniels Midland Co., 2006 WL 963551 (D. Kan. April 13, 2006) (providing extensive citation to cases holding that plaintiff's subsequent stipulation or voluntary reduction in amount of damages does not divest Court of jurisdiction).

### III. CONCLUSION

It is therefore recommended that Plaintiff's Motion to Remand be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file Objections to this Report and Recommendation. Any party opposing the Objections shall have ten (10) days from the date of service of Objections to respond thereto. Failure to file timely Objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
United States Magistrate Judge

Dated: June 17, 2008