IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN INGRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1419 |
| ) | Chief Judge Donetta W. Ambrose |
| LIBERTY MUTUAL INSURANCE ) | Magistrate Judge Lisa Pupo Lenihan |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion for Summary Judgment be granted as to Plaintiff's claims of bad faith, but denied as to the remainder of his Complaint, *e.g.*, claims that Defendant breached its contractual obligations.

### II. REPORT

**A. Statement of Facts and Procedural History**

This case involves claims related to a September 26, 2005 motor vehicle collision involving Plaintiff, Martin Ingraham, who was insured by Defendant, Liberty Mutual Insurance Company.

Following the accident, Plaintiff made claims for medical expenses and lost income payments. Plaintiff's medical expenses included treatment by his primary care physician, Dr. Kush, as well as orthopedic, chiropractic and psychological treatment, dental care, nutritional analysis and supplements, digestive treatment, alternative therapies, and other services/programs. Defendant referred some of Plaintiff's medical bills to a peer review organization (a "PRO"), and paid those expenses determined by the PRO to be reasonable and necessary. In May, 2006 it also obtained an independent medical examination ("IME"), with regard to Plaintiff's psychiatric expenses, from Dr. Bruce Wright. Dr. Wright's June 2006 report indicated that the latest in Plaintiff's history of automobile accidents could have exacerbated his pre-existing psychiatric symptoms, but that he was not currently psychiatrically disabled. See Memorandum in Support of Motion at 3. Defendant also obtained a May, 2006 internal medicine IME from Dr. Peter Tanzer, who similarly concluded that any aggravation of Plaintiff's digestive condition from the most recent accident had ceased, that he could return to work without restriction, and that management suggested by Dr. Kush was not related to the September, 2005 collision.

In response to Plaintiff's objections that Dr. Wright did not have complete relevant records, additional records were provided from Plaintiff to Dr. Wright and a supplemental report issued in August, 2006. That report concluded that Plaintiff's current psychological condition and treatment were not related to the accident. In October, 2006, Plaintiff's endocrinologist, Dr. Hagg, indicated that the symptoms she treated in June, 2006 were not causally related to his automobile accidents.[1] Finally, in January, 2007, a podiatric peer review concluded that podiatric diagnosis and care were also unrelated to the collision. See Memorandum in Support at 3-5.

---

1. See Memorandum in Support of Motion at 4, 16.

First Liberty paid a portion of Plaintiff's submitted bills, *i.e.*, those it determined - from the procedures above - to be reasonable and necessary,[2] and made lost income payments to Plaintiff through July 21, 2006, *i.e.*, approximately 10 months after the September, 2005 accident.[3] It declined to make further payments under Plaintiff's automobile insurance policy.

This action was filed by Plaintiff in the Court of Common Pleas of Allegheny County in September, 2006, alleging breach of contract and of the Pennsylvania Motor Vehicle Financial Responsibility Law (the "PMVFRL") and bad faith conduct under the PMVFRL and other statutes. It was properly removed by Defendant the following month.

### B. Motion for Summary Judgment; Burden of Proof

Summary judgment is to be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact are resolved against the moving party, and the entire record is examined in the light most favorable to the nonmoving party. See Continental Ins. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982). Finally, an issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

2. On Plaintiff's request for reconsideration, some chiropractic bills initially denied were ultimately paid. See Memorandum in Support at n. 1. In total, Defendant paid approximately $16,000 in first party medical benefits. See id. at 8.

3. Defendant paid approximately $11,000 in first party income loss benefits. See id. at 9.

C. <u>Analysis</u>

**1. Claims Relating to Breach of Insurance Policy**

Defendant's assertions to the contrary notwithstanding, there clearly exist genuine issues of material fact which preclude summary judgment in this case. The opinions of Defendant's PROs and IMEs, however substantial, are not determinative of Plaintiff's right to a jury's consideration of the validity of his claims for additional medical expenses and lost income allegedly owing to his September 2005 automobile accident. Plaintiff has submitted evidence of rather extensive medical services/treatments by Dr. Kush, his psychologist, and others, and additional actual lost wages, following that incident. He has also submitted testimony/evidence in support of his entitlement to recovery under his insurance policy. <u>See</u> Memorandum of Law In Opposition at 4. And neither Defendant (through its physicians) nor this Court is the final arbiter of their medical necessity or relatedness; rather, that question is reserved to the jury wherever it is *possible* that they may reasonably find for the Plaintiff. <u>See, *e.g.*</u>, <u>Childers v. Joseph</u>, 842 F.2d 689, 693-94 (3d Cir. 1988).[4]

**2. Claims Relating to Bad Faith Conduct**

The parties agree in their briefing that the PMVFRL, 75 Pa.C.S.A. § 1797, precludes statutory bad faith claims premised on a denial of first party medical (as opposed to lost income) benefits. <u>See</u> Memorandum in Support at 9-10; Memorandum of Law in Opposition at 5. <u>See also</u> <u>Barnum v. State Farm Mutual Auto Ins. Co.</u>, 635 A.2d 155 (Pa Super. 1993), *rev'd on other grounds*, 652 A.2d 1319 (Pa. 1994); <u>Gemini Physical Therapy & Rehab., Inc. v. State Farm</u>

---

4. Plaintiff's admissions as to the text of Defendant's physician opinions do not remove this case from the province of a jury. <u>Cf.</u> Reply Brief in Support at 4-5.

Mut. Auto. Ins. Co., 40 F.3d 63, 66 (3d Cir. 1994); Schleinkoffer v. National Casualty Co., 339 F.Supp.2d 683 (W.D. Pa. 2004).

Plaintiff's claim for bad faith by its insurer as to his lost income, or other bad faith conduct, is governed by Pennsylvania's Bad Faith Statute, 42 Pa.C.S.A. § 8371, which has been construed to award interest, punitive damages, costs and fees only where the plaintiff shows, by clear and convincing evidence, that the insurer did not have a reasonable basis for its action and acted knowingly or recklessly nonetheless. See, *e.g.* Northwestern Mutual Life. Ins. Co. v. Babayan, 430 F.3d 121 (3d Cir. 2005); Leach v. Northwestern Mut. Ins. Co., 2008 WL 227687 (3d Cir. Jan. 29, 2008). Cf. Quaciari v. Allstate Ins.Co., 998 F.Supp. 578, 581 n. 3 (E.D. Pa. 1998), *aff'd*, 172 F.3d 860 (3d Cir. 1998) (noting that defendant may prevail at summary judgment by "affirmatively demonstrating a reasonable basis for its actions"); Memorandum of Law In Opposition at 10 (citing Hofkin v. Provident Life and Accident Ins. Co., 81 F.3d 365, 369 (3d Cir. 1996) regarding "clear and convincing evidence" standard).

As discussed above, Defendant submitted Plaintiff's medical records to independent review and obtained medical opinions that any disability related to the September, 2005 collision did not extend beyond the date through which Defendant made lost income payments to Plaintiff, *i.e.*, late July, 2006. Although Plaintiff objects that Dr. Wright's opinion was not fully informed, see Memorandum of Law in Opposition at 2, as discussed above, Dr. Wright's initial report was supplemented following the provision of additional records at Plaintiff's request. In addition, although Plaintiff objects that Defendant failed to consider "the portions of the IME physician's

statements supporting Plaintiff's disability when denying the wage loss benefits",[5] the record indicates that the benefit period was consistent with those opinions.[6] Accordingly, because the record establishes a reasonable basis for its denial of additional lost income benefits, Defendant is entitled to summary judgment as to Plaintiff's claims of bad faith. Plaintiff has evidenced no other grounds for a bad faith claim. Cf. Memorandum of Law in Opposition at 5-7.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that Defendants' Motion for Summary Judgment be granted as to Plaintiff's claims of bad faith, but denied as to the remainder of his Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                LISA PUPO LENIHAN
                United States Magistrate Judge

Dated: December 9, 2008

---

5. See Memorandum of Law in Opposition at 7.

6. See Reply Brief in Support at 4 (noting that Defendant "made loss income payments to Plaintiff through July 21, 2006 based upon Dr. Tanzer's . . . and Dr. Wright's [IMEs]).